CLEVENGER, Circuit Judge,
dissenting.
The majority opinion focuses on the claim limitation “unalterable data.” While *892 I agree with the majority that Baldwin '581 discloses the claimed “unalterable data”, I do not agree that the Board correctly found that Baldwin '581 discloses “a means for permanently storing data in an unalterable fashion,” as required by Claim 1. Because Baldwin '581 does not disclose every limitation of Claim 1, it cannot be an anticipating reference.
The term “a means for permanently storing data” is undeniably a means-plus-function limitation. The question in this case is whether the Patent Office (“PTO”) may use an unaltered broadest reasonable interpretation standard in examining means-plus-function claims, or if these claims must always be interpreted in accordance with 35 U.S.C. § 112, ¶ 6. The answer is easy. 35 U.S.C. § 112, our en banc decision In re Donaldson, the Manual of Patent Examining Procedure (“MPEP”), and past PTO practice are all in agreement: under § 112, ¶ 6, “the broadest reasonable interpretation that an examiner may give means-plus-function language is that statutorily mandated in paragraph six.” In re Donaldson, 16 F.3d 1189 (Fed.Cir.1994) (en banc). Here, the PTO did not analyze the claim under § 112, ¶ 6, and so the only appropriate action is to remand the case to the Examiner with instructions to apply a correct claim construction.
I
First, the statute, 35 U.S.C. § 112, ¶ 6 reads:
An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.[1]
Second, In Donaldson, our en banc court held that “the plain and unambiguous” meaning of § 112, ¶ 6 requires the PTO to look to the specification and determine the structures and equivalents disclosed therein. Donaldson, 16 F.3d at 1193. Accordingly, § 112, ¶ 6 “sets a limit on how broadly the PTO may construe means-plus-function language under the rubric of “reasonable interpretation.” ” Donaldson at 1194.
Third, the MPEP confirms that Patent Examiners are instructed to analyze means-plus-function claims in accordance with Donaldson. Once the Examiner determines that the claim is indeed a means-plus-function claim — an issue not in dispute in this case — the MPEP instructs the Examiner to perform a two-step claim construction analysis, laid out in Golight Inc. v. Wal-Mart Stores Inc., 355 F.3d 1327, 1333-34 (Fed.Cir.2004). First, the Examiner must define the particular function of the claim limitation. Second, the Examiner must look to the specification and identify the corresponding structure for that function. MPEP § 2182, 8th Ed., Rev. 9 (August 2012). With the claim correctly construed, the Examiner searches the pri- or art for the disclosed structures and their equivalents. MPEP § 2183.
Finally, past PTO practice confirms that the PTO actually performs the correct means-plus-function analysis in many *893 cases. In fact, the Board of Patent Appeals and Interferences (“Board”), applies § 112, ¶ 6 to means-plus-function claims, even if the applicant or examiner have not raised the issue below.[2] This is even the case if the applicant does not comply with 87 C.F.R. § 41.37(c)(l)(v), cited by the Board in our case as a reason to abdicate its Donaldson duties. Ex Parte Avid Identification Systems, Inc., No. 2011-474, 2011 WL 2441010 at 13 (B.P.A.I. June 13, 2011) (Torczon, APJ, dissenting from Decision on Request for Rehearing).[3] There is no reason why this case should be treated differently from past instances where the PTO has correctly construed means-plus-function claims.
The PTO is required to act properly under the Administrative Procedure Act. It cannot behave arbitrarily. But it does so regularly, much to the detriment of the public, when confronting § 112, ¶ 6 claims. Sometimes it honors its Donaldson duties, and sometimes it shirks them, hiding behind 37 C.F.R. § 41.37(c)(1)(v). Random is the polite word for the Board’s erratic behavior. This court should hold the PTO to its obligations, because doing so benefits the public.
II
Not only does the law require that the PTO apply § 112, ¶ 6 to means-plus-function claims, but proper § 112, ¶ 6 treatment also involves an indefiniteness analysis under § 112, ¶2. Donaldson at 1195 (“if one employs means-plus-function language in a claim, one must set forth in the specification an adequate disclosure showing what is meant by that language. If an *894 applicant fails to set forth an adequate disclosure, the applicant has in effect failed to particularly point out and distinctly claim the invention as required by the second paragraph of section 112.”)-
In this case, the Examiner allowed claim 13 without explicitly interpreting the claim under § 112, ¶ 6. Meanwhile, a district court found that there was no support in the specification for the limitation “means for decoding a password ...” in the same claim. Allflex USA Inc. v. AVID Identification Systems, Inc., Case No. 5:06-cv-1109, ECF No. 469 at 15 (C.D.Ca. Feb. 17, 2010) (Claim Construction Order). Had the Examiner properly considered the requirement that the specification disclose structure corresponding to the “means” claimed, this inconsistent result could have been avoided.
In fact, the PTO recognizes that indefinite means-plus-function claims are a common problem. The PTO’s Supplementary Examination Guidelines for Determining Compliance with 35 U.S.C. § 112, 76 Fed. Reg. 7162, 7167-8 (Feb. 9, 2011), requires that Examiners analyzing claims under § 112, ¶ 6 ensure that the claims satisfy § 112, ¶ 2. “The disclosure must be reviewed from the point of view of one skilled in the relevant art to determine whether that person would understand the written description to disclose the corresponding structure, material, or acts. To satisfy the definiteness requirement under § 112, ¶ 2, the written description must clearly link or associate the corresponding structure, material, or acts to the claimed function.”
Ill
Because the Examiner and the Board did not properly interpret the “means for permanently storing data in an unalterable fashion” limitation, we do not know the answer to several pertinent questions. We do not know the identity of the structure in the specification, if any, that mates with this means limitation. So we do not know if the patent fails as indefinite. Assuming the patent is not indefinite, we do not know the identity of the structural equivalents of the structure disclosed in the specification. For purposes of anticipation, we do not know if Baldwin discloses the structure supporting the means limitation, although we do know that Judge Torczon in dissent determined that Baldwin does not disclose a structural equivalent. And further we do not know whether the “means for permanently storing” limitation is obvious. We would know the answer to these questions had the PTO not shirked its Donaldson duties. In my view, the anticipation and obviousness judgments by the Board are infected, and the infection can only be cured by proper application of § 112, ¶¶ 6 and 2.
The correct result in this appeal is a remand to the Board with directions to follow the lead of Judge Torczon and obey Donaldson. Because the majority does not agree with me, I respectfully dissent.

. Under the America Invents Act, § 112, ¶6 has been converted via amendment to § 112(f), which reads: "[a]n element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.” 35 U.S.C. § 112(f) (effective September 16, 2012).

. See, e.g., Ex Parte Ben Gill-Ho Lee, No. 2011-6067, 2012 WL 3105536 (B.P.A.I. July 26, 2012) (reversing obviousness rejection for failure to apply § 112, ¶6 and entering new § 112, ¶2 rejection); Ex Parte Eyal Trachtman, No. 2009-674, 2009 WL 1270359 (B.P.A.I. May 8, 2009) (reversing Examiner’s prior art rejection for failing to construe claims in accordance with § 112, ¶ 6); Ex Parte Hideo Yamanaka, No. 2008-2006, 2008 WL 2233770 (B.P.A.I. May 30, 2008) (same); Ex Parte Stefan Wickert, No. 2010-8152, 2012 WL 3720920 (B.P.A.I. Aug. 26, 2012) (same); Ex Parte Marcos Nogueira Novaes, No. 2008-4794, 2010 WL 674292 (B.P.A.I. Feb. 23, 2010) (noting that neither applicant or Examiner applied § 112, ¶6 and adding a § 112, ¶ 2 rejection); Ex Parte Mark Michaud, No. 2009-14404, 2011 WL 5023925 (B.P.A.I. Oct. 19, 2011) (reversing Examiner’s prior art rejection for failing to construe claims in accordance with § 112, ¶ 6 and adding a new prior art rejection); Ex Parte Mark Thomas Johnson, No. 2010-3268, 2012 WL 4460617 (B.P.A.I. Sept. 24, 2012) (noting that neither applicant or Examiner applied § 112, ¶ 6 and adding a § 112, ¶ 2 rejection); Ex Parte Richard Ian Knox, No. 2009-12769, 2011 WL 5288869 (B.P.A.I. Nov. 2, 2011) (same); Ex Parte Yoshihiko Kuroki, No. 2010-8896, 2012 WL 1375263 (B.P.A.I. April 17, 2012) (noting that Examiner did not interpret claims under § 112, ¶6 and sustaining rejections under correct § 112, ¶ 6 treatment).

. See, e.g., Ex parte Ari M. Koivisto, No. 2010-5398, 2012 WL 2573012 (B.P.A.I. June 28, 2012) (directing Examiner to apply § 112, ¶ 6 to further prosecution of claims); Ex Parte Geoff M. Lyon, No. 2008-3388, 2008 WL 4371708 (B.P.A.I. Sept. 24, 2008) (remanding to Examiner to apply § 112, ¶6 and noting that the appeal brief failed to comply with Rule 41.37); Ex Parte Walter H. Whitlock, No. 2007-630, 2007 WL 2211319 (B.P.A.I. July 30, 2007) (same); Ex Parte John W. Lee, No. 2009-2134, 2009 WL 2563536 (B.P.A.I. Aug. 17, 2009) (reversing Examiner’s prior art rejection for failure to construe the claims in accordance with § 112, ¶ 6, and noting that Appellant’s failure to comply with Rule 41.37); Ex Parte Siddhartha Chatterjee, No. 2009-14001, 2011 WL 4872020 (B.P.A.I. Oct. 7, 2011) (reversing Examiner’s prior art rejection for failure to construe the claims in accordance with § 112, ¶ 6, adding § 112, ¶2 rejection, and noting that Appellant’s failure to comply with Rule 41.37); Ex Parte Thierry Lamotte, No. 2009-12591, 2012 WL 359598 (B.P.A.I. Jan. 31, 2012) (applying § 112, ¶6 to claims despite Appellant's failure to comply with Rule 41.37);